# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

WILBER GIOVANNY VALLE ORDONEZ, )
)
Petitioner, )
)
v. ) Case No. 6:26-cv-03343-MBB
)
WARDEN OF GREENE COUNTY JAIL, et al., )
)
Respondents. )

## ORDER

Before the Court is Petitioner Wilber Giovanny Valle Ordonez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner argues that Respondents (collectively, "the Government") wrongfully detained him in immigration custody while his immigration proceedings and request for protection remain pending. *Id.* at 3, 7-9. He asks the Court to order his immediate release from ICE custody. *Id.* at 9. Because Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A), and because his continued detention pending removal proceedings does not violate due process, the petition is DENIED.

### Background

Petitioner is a native and citizen of Nicaragua. Doc. 1 at 1. He filed this case while detained by U.S. Immigration and Customs Enforcement ("ICE") at the Greene County Jail in Springfield, Missouri, pending immigration proceedings. *Id*. at 2.

Petitioner alleges that he participated in peaceful political demonstrations in Nicaragua in 2018. *Id.* at 3, 7-8. He alleges that, because of his political activities, the Nicaraguan government subjected him to persecution, issued a police detention order against him, and accused him of offenses including terrorism, obstruction of public services, and property damage. *Id.* at 3, 8. He states that police officers repeatedly searched for him, monitored family members, and continued to inquire about his whereabouts after he left Nicaragua. *Id.* at 8.

On June 15, 2026, Petitioner filed this § 2241 case challenging his continued immigration detention. Doc. 1. Petitioner states that his immigration proceedings remain pending before the Immigration Court, that no final decision has been issued, and that his immigration case has not yet been adjudicated. *Id.* at 5, 7, 9.

Petitioner raises four grounds for relief. In Ground One, he argues that his continued detention is unlawful because he has a pending immigration case and a credible fear of persecution if returned to Nicaragua. *Id.* at 7. In Ground Two, he argues that his continued detention is unreasonable because he is actively pursuing immigration relief and has evidence supporting his claim for protection in the United States. *Id.* at 8. In Ground Three, he argues that his detention violates fundamental principles of fairness because return to Nicaragua would expose him to a significant risk of persecution, detention, and retaliation based on his political opinion and past political activities. *Id.* In Ground Four, he argues that continued detention imposes significant hardship on him and his family while his immigration case remains pending. *Id.* at 9. Petitioner asks the Court to order his immediate release from ICE custody and grant any other just, proper, and equitable relief. *Id.*

The Government responds that Petitioner is not entitled to habeas relief because his current detention by ICE pending a decision by an immigration judge on his application for an immigration benefit is mandatory under § 1225(b)(2)(A). Doc. 5 at 1-3. According to the Government, Petitioner is present in the United States without being admitted or paroled and is therefore subject to mandatory detention as an applicant for admission. *Id.* at 3. The Government argues that, under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), § 1225(b)(2)(A) requires Petitioner's detention during his removal proceedings and does not require a bond hearing. Doc. 5 at 2-3. The Government also argues that Petitioner's detention is neither indefinite nor improperly prolonged and does not violate procedural or substantive due process. *Id.* at 3-10.

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that § 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); *see also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. *Avila* supports the Government's position that § 1225(b)(2)(A) governs Petitioner's detention. His mandatory detention pending removal proceedings is not contrary to procedural due process or substantive due process.

**I.      Petitioner is properly detained under § 1225(b)(2)(A).**

Two statutory provisions provide for detention of aliens pending removal proceedings: INA § 235(b), codified at 8 U.S.C. § 1225(b); and INA § 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If the alien is detained, the Attorney General may continue to detain him or release him on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

Petitioner is properly detained under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id*. His pending immigration case and pending request for immigration relief do not require that his detention be considered under a different statute.

**A.      Petitioner is an "applicant for admission."**

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 170 F.4th at 1133. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). "An alien who is paroled . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

Petitioner does not allege that he has been lawfully admitted into the United States, and the Government states that he was present in the United States without being admitted or paroled. Doc. 5 at 3. On this record, Petitioner has not shown that he has "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is therefore an "applicant for admission" under § 1225(b)(2)(A).

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop years later, arrested him, initiated removal proceedings, and held him without bond under § 1225(b)(2)(A). *Id.* The Eighth Circuit held that § 1225(b)(2)(A) authorized the petitioner's detention without bond. According to the Eighth Circuit, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner is present in the United States and has not shown that he has been admitted. He is therefore "seeking admission" under § 1225(b)(2)(A).

### C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Petitioner states that his immigration proceedings remain pending and that no final decision has been issued in his case. Doc. 1 at 5, 7, 9. Petitioner presents no evidence of any immigration determination relevant to admission. He is not "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1225(b)(2)(A) permits the Government to detain him without bond while his removal proceedings remain pending. Petitioner's statutory claim therefore fails.

### II. Petitioner's continued detention does not violate due process because the legislative scheme permits it.

Petitioner argues that his continued detention is unlawful and unfair because he fears persecution in Nicaragua, is pursuing immigration relief, and has family hardship while his immigration case remains pending. Doc. 1 at 7-9. The Court does not minimize those allegations. But under controlling law, they do not show that due process requires immediate release or a bond hearing while Petitioner is detained under § 1225(b)(2)(A) pending removal proceedings.

Removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of

4

detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, quoting *Demore*, 538 U.S. at 527.

Petitioner is properly detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner does not dispute that his immigration proceedings remain pending, and he presents no evidence that the Government is detaining him for any other reason. Doc. 1 at 5, 7, 9. Because § 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more. *See Banyee*, 115 F.4th at 932.

To the extent Petitioner asserts substantive due process, that claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. Zadvydas, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. Removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring that, if ordered removed, he can be successfully removed. *See Demore*, 538 U.S. at 528.

Petitioner's pending request for immigration relief also does not make his detention indefinite or unlawful. The Supreme Court has recognized that § 1225 permits detention during consideration of an application for immigration relief and that "nothing in the statutory text imposes any limit on the length of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Detention under § 1225(b) ends when removal proceedings end. *Id.* Petitioner has not shown that removal is no longer realistically possible, that the Government is detaining him for a purpose unrelated to removal, or that the Government has acted in bad faith to prolong his proceedings. On this record, Petitioner has not shown that his continued detention violates due process.

Petitioner's allegations concerning persecution in Nicaragua, his pending immigration case, and his request for protection may be relevant to his immigration proceedings, but they do not establish that his current detention violates § 2241. This Court may not review Petitioner's removal case, application for protection, or fear-of-return claim in this habeas proceeding. The

5

only question before this Court is whether Petitioner's current detention violates the Constitution or federal law. For the reasons explained above, Petitioner has not made that showing.

## Conclusion

Petitioner's continued detention is proper under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." His continued detention pending removal proceedings does not violate procedural or substantive due process. Accordingly, it is ORDERED that the Petition for a Writ of Habeas Corpus (Doc. 1) is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

Dated: July 10, 2026

6